OPINION
{¶ 1} Defendant-appellant, Tonda Ansley, appeals the decision of the Butler County Court of Common Pleas to reject the recommendation to move her to a less restrictive treatment setting.
 {¶ 2} In 2003, appellant was found not guilty by reason of insanity on the criminal charge of aggravated murder and committed to the Twin Valley Behavioral Healthcare, Timothy B. Moritz Forensic Unit ("Moritz"). In April 2005, a representative of the treatment team at Moritz filed a report with the recommendation that the trial court consider the transfer of appellant from the maximum security setting at Moritz to a civil treatment center.
 {¶ 3} Pursuant to R.C. 2945.401, the trial court held a hearing on the recommendation and denied the request for a change, finding that appellant's move to a less restrictive status represented a threat to persons or public safety.
 {¶ 4} Appellant appeals, advancing two assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED IN FAILING TO GRANT THE RECOMMENDED TRANSFER TO A LESS RESTRICTIVE SETTING CONTRARY TO THE RECOMMENDATION OF THE TREATING INSTITUTION, EVALUATING PSYCHIATRIST, AND THE TREATING PSYCHIATRIST."
 {¶ 7} R.C. 2945.401(G) states, in pertinent part, that the prosecutor has the burden to show by clear and convincing evidence that the proposed change of conditions to a less restrictive setting represents a threat to public safety or a threat to the safety of any person. At the conclusion of the hearing regarding the change of conditions, the trial court may approve, disapprove, or modify the recommendation and shall enter an order accordingly. R.C. 2945.401(I).
 {¶ 8} As appellant asserts in her first assignment of error, the psychiatrist who treats appellant and the psychiatrist who evaluated her at the request of appellant's treatment team recommended that she be moved to a less restrictive treatment setting.
 {¶ 9} The trial court heard testimony that appellant was fully compliant with both her treatment and prescribed medications and was in remission from her mental illness. The evaluating psychiatrist testified that remission could continue if appellant takes her medication and "if there is control, if there is aftercare treatment."
 {¶ 10} The trial court also heard testimony that appellant's mental illness has improved, but there is no cure. One of the psychiatrists who testified at the hearing stated that appellant is closely monitored and there is a heightened level of security at Moritz, compared with a civil hospital setting. The psychiatrist testified that appellant must stay on her psychiatric medication and if she did not do so, it would be "bad" for appellant and for the safety of the public.
 {¶ 11} The witness testified that both Moritz and the civil setting are locked units, and the only differences are that Moritz has more security and the number of patients with which appellant would be housed could double in the civil treatment setting.
 {¶ 12} The evaluating psychiatrist acknowledged that he was aware of an incident that occurred in the past when appellant's mental condition deteriorated while being held in jail after she did not take her medication.[1]
 {¶ 13} The trial court also heard testimony from the treating psychiatrist that if appellant were to leave a setting that ensures that she is compliant with her medication, appellant could resume her delusional thought processes regarding her "hit list" of people she believed wanted to harm her.[2]
 {¶ 14} Appellant takes issue with what she perceives as the trial court's preoccupation with the risks presented if appellant escapes the facility and stops taking her medication. We do not share appellant's view. The state showed by clear and convincing evidence that appellant was in remission for approximately two years, that she needed a secure, structured and monitored environment to continue her treatment and medicine protocol and that a transfer to a less restrictive environment would unacceptably reduce all of the components that are currently working to keep appellant compliant and in remission from her mental illness.
 {¶ 15} The trial court did not err in finding that the change in conditions to a less restrictive environment represented a threat to public or individual safety. Appellant's first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "THE TRIAL COURT ERRED IN FINDING THE TREATING DOCTOR AND THE EVALUATING DOCTOR TO BE INCREDIBLE."
 {¶ 18} Appellant argues that the trial court abused its discretion when it disregarded the expert opinions of the psychiatrists. Appellant specifically points to one statement by the trial court concerning the psychiatrists' credibility, and "testimony to the contrary." The state argues that the trial court's statement was misunderstood.
 {¶ 19} We have reviewed the trial court's statement and, indeed find it confusing. However, the trial court does not appear to disagree with the psychiatrists' assessment that medication and other treatments were paramount to appellant's continued remission and appellant's remission from her mental illness was integral to the public safety. The trial court found that certain safeguards were necessary to ensure that appellant's remission continue and the recommended move to a less restrictive setting was not appropriate at this juncture and represented a threat to public safety.
 {¶ 20} To the extent that the trial court's ruling indicated its disagreement with the psychiatrists' opinions that appellant was ready for a less restrictive setting at this time, we cannot say that the trial court erred in this respect. Appellant's second assignment of error is overruled.
 {¶ 21} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] Appellant strongly disputes that the reason she decompensated in jail was because she stopped taking her medication.
[2] The record indicates that the murder victim was apparently also on appellant's "hit list."